IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-02662-RBJ

FABIANA DEL CARMEN ROMERO RAMOS,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Fabiana del Carmen Romero Ramos' (petitioner) First Amended Application for a Writ of Habeas Corpus (Petition), ECF No. 8. Petitioner brings several allegations and seeks various forms of relief. However, at this juncture, this Court will not weigh in on the merits or substance of these claims. Rather, the Court enjoins respondents from transferring Ms. Romero Ramos out of the District of Colorado or removing her from the United States during the pendency of this action.

The Court hereby ORDERS that respondents shall not transfer petitioner outside the District of Colorado or remove her from the United States during the

pendency of these proceedings. The Court further ORDERS that respondents shall file a response to the Petition within 14 days of service of this Order.

Petitioner is a 24-year-old Venezuelan national. ECF No. 8 at 1. She entered the United States on March 4, 2023 and was granted Temporary Protected Status pursuant to the 2023 designation of TPS for Venezuela. *Id.* at ¶ 18. Her TPS was valid from September 23, 2024 through April 2, 2025. Because her initial TPS registration expired, on April 11, 2025, Ms. Romero Ramos renewed her registration pursuant to the most recent January 17, 2025 extension, however that renewal was still pending when former DHS Secretary Noem vacated that extension for Venezuelans. *Id.*

Ms. Romero Ramos was arrested on or about January 5, 2026, at her home, despite her TPS status and underlying asylum case. *Id.* at ¶ 12. Before her arrest, she lived with her father and worked for two years as a dining server at a local nursing home. *Id.* at ¶ 21. She has no criminal history. She is currently in immigration detention at the Denver Contract Detention Facility in Aurora, Colorado. *Id*. at ¶ 9. She asserts that her TPS status mandates her release pursuant to 8 U.S.C. § 1254(a). She also asserts that her detention should be governed by § 1226 rather than § 1225 and that her detention violates her due process rights. ECF No. 8 at ¶¶ 49-63.

This Court has inherent authority under the All Writs Act, 28 U.S.C. § 1651, to preserve its jurisdiction by enjoining the transfer of a noncitizen detained within the judicial district. *See Arostegui-Maldonado v. Baltazar,* 794 F. Supp. 3d 926, 948-49 (D. Colo. 2025) (listing cases).

To protect the status quo and preserve this Court's jurisdiction, the Court enjoins respondents from removing petitioner from the United States or transferring her out of Colorado and respondents are ordered to show cause, within 14 days of service of this Order, as to why the writ should not be granted.

At this time, the Court takes no action with respect to the relief sought in the Petition. The Court respects the expedited nature of habeas proceedings and the urgency of a particular petitioner alleging unlawful detention. Nevertheless, these considerations must be balanced with affording respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent they have not done so yet, no later than Friday, July 10, 2026, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at

*1 (W.D. Tex. Jul. 7, 2025) (explaining that while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself and granting respondents a 14-day deadline to respond) (internal citations omitted).

It is SO ORDERED.

Dated: July 9, 2026

BY THE COURT:



R. Brooke Jackson
Senior United States District Court Judge