IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-02662-RBJ

FABIANA DEL CARMEN ROMERO RAMOS,

      Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

      Respondents.

---

**ORDER**

---

Before the Court is Fabiana del Carmen Romero Ramos' ("petitioner") Amended Petition for a Writ of Habeas Corpus ("Petition"). ECF No. 8. Petitioner seek an order declaring her current immigration detention unlawful and requiring respondents to release her immediately. ECF No. 8 at ¶¶ 49-63. Respondents decline to submit an opposition brief. ECF No. 11. However, they contend that if the Court grants the Petition, the appropriate relief is an order directing respondents to provide petitioner with a bond hearing or else release Ms. Romero Ramos. ECF No. 11.

For the reasons set forth below, the Court agrees that petitioner's mandatory detention is unlawful, and orders that respondents release him forthwith.

1

## I.     Background

Ms. Romero Ramos is a Venezuelan national who holds Temporary Protected Status (TPS) under 8 U.S.C. § 1254(a).  Those granted with TPS "shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States."  8 U.S.C. § 1254(a)(d)(4).  This protection applies despite a final removal order or lack of immigration status.  *Id.* (the TPS statute constitutes the exclusive authority for affording nationality-based protection to "otherwise deportable" non-citizens).  In other words, TPS holders may not be detained or deported for the duration of that status.

On or about January 5, 2026, DHS arrested Ms. Romero Ramos at her home, despite her status as a TPS recipient and the pendency of her asylum proceedings.  ECF No. 8 at ¶ 12.  DHS maintained that her detention was mandated by 8 U.S.C. § 1225(b)(2)(A), rather than § 1226(a), and thus did not provide her with a bond hearing.  On June 16, 2026, Ms. Romero Ramos filed her habeas petition pursuant to 28 U.S.C. § 2241.  ECF No. 8.  She asserts that she is being unlawfully detained in violation of her due process rights and the protections afforded by her status as a TPS holder. *Id.* at 1-2.  She asks this Court to declare that her detention is in violation of § 1254(a) and the Due Process Clause and order her release from custody. *Id.* at 13-14.

Respondents submit an abbreviated response, contending that the appropriate relief is to provide Ms. Romero Ramos with a bond hearing under 8 U.S.C. § 1226, and in the alternative, release her.  ECF No. 11 at 2.

## II.    Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States."  28 U.S.C. § 2241.  The individual in custody bears the burden of proving that her detention is unlawful.  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).  Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678 (2001).  Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing.  28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025).  Here, though petitioner requests a hearing, respondents do not meaningfully contest petitioner's entitlement to relief, and thus the Court finds that no hearing is necessary.

The Court agrees with petitioner that her detention violates her status as a TPS holder and her due process rights.  The proper relief here is release.

### A. Section 1225 and Section 1226

The issue in this case is a familiar one: whether, as a noncitizen who has not been admitted or paroled into the United States, petitioner's detention during

removal proceedings is governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a). The Tenth Circuit settled the intra-circuit split regarding the applicable statutory framework governing noncitizen detentions, like the petitioner in this case. *Santillan Quiroz v. Mullin,* __ F.4th __, 2026 WL 1876709 (10th Cir. June 30, 2026). Consistent with the vast majority of §§ 1225/1226 decisions in this District, the court held that "noncitizens who entered the United States and were thereafter detained in the interior of the country, are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at *12.

Given this uncontradicted line of authority, the government's reliance on § 1225 is legally untenable. At the time of her arrest and detention, Ms. Romero Ramos was residing in the United States and held valid Temporary Protected Status. Accordingly, her detention is governed by § 1226, not § 1225.

### B. Release is the appropriate remedy

The Court now turns to the appropriate relief. "Federal district courts have broad equitable powers in ordering habeas relief." *Munoz Teran v. Bondi*, No. 25-cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21, 2026) (internal citation omitted). And in issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243.

In some prior decisions, this Court has ordered that a noncitizen should receive a prompt bond hearing before an immigration judge. *See, e.g.*, *Vences Nuñez v. Baltazar*, No. 25-cv-04046-RBJ, ECF No. 10 (D. Colo. Jan. 16, 2026) (ordering a bond hearing); *accord Cervantes Arredondo,* ECF No. 21, at *8; *Velazquez de Leon,* ECF No. 19, at *8 (same). However, in this case, the Court concludes that release is the appropriate remedy. *See Tumba v. Francis*, 813 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) (noting that the "typical remedy" for "unlawful executive detention" is "of course, release") (quoting *Munaf v. Green*, 533 U.S. 674, 693 (1973)).

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 8, is GRANTED. Respondents SHALL release petitioner on her own recognizance within 48 hours of this Order.

2. Respondents MAY NOT impose additional release conditions other than those that petitioner was subject to prior to his current detention.

3. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.

It is SO ORDERED.[1]

---

[1] To the extent petitioner seeks attorneys' fees, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.

Dated: August 3, 2026          BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge