IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-02662-RBJ

FABIANA DEL CARMEN ROMERO RAMOS,

Petitioner,

v.

JUAN BALTAZAR et al.,

Respondents.

---

**ORDER**

---

This matter comes before the Court on Petitioner Fabiana Del Carmen Romero Ramos's Proposed Bill of Costs. ECF No. 17. Respondents object that postage costs are not recoverable under the Equal Access to Justice Act ("EAJA"). ECF No. 18. Petitioner contends that postage costs related to service are recoverable under Federal Rules of Civil Procedure Rule 54(d)(1) and that the EAJA does not preclude recovery of postage fees incurred from service. ECF No. 19. For the reasons stated, the Court **DENIES** Petitioner's Proposed Bill of Costs and orders parties to submit a new bill of costs that excludes postage fees.

The Tenth Circuit has established that postage fees are not recoverable under the EAJA. *Weakley v. Bowen*, 803 F.2d 575, 579 (10th Cir. 1986) ("Costs for travel

expenses and postage fees are not authorized."). District courts in this circuit have consistently cited *Weakley* in denying postage fees, including in the context of postage fees undertaken in relation to service. *See Serna v. Berryhill*, Civ. No. 16-1176-GJF, 2018 U.S. Dist. LEXIS 58783, at *11–12 (D.N.M. Apr. 6, 2018) (denying postage related to service); *Urias v. Berryhill*, Civ. No. 16-1063-KBM, 2017 U.S. Dist. LEXIS 166133, at *9–10 (D.N.M. Oct. 5, 2017) (same).

It is true that other courts in this district have stated that denying postage fees necessary to complete service "seems contrary to the spirit of the EAJA." *Urias*, 2017 U.S. Dist. LEXIS 166133, at *9; *see also Robinson v. Sullivan*, 719 F. Supp. 1012, 1014 (D. Kan. 1989) ("This court cannot believe Congress intended the definitional section to be read exclusively rather than inclusively."). However, like these other courts expressing doubts about *Weakley*'s reasoning did, I am bound to follow the law as established by the Tenth Circuit.

Petitioner cites to this Court's decision in *Aramin v. Baltasar*, Civ No. 26-cv-616-RBJ (D. Colo. June 24, 2026), where the Court awarded postage fees incurred from service. Upon reconsideration, the Court recognizes this order was in error under Tenth Circuit precedent.

Accordingly, Petitioner's Proposed Bill of Costs is **DENIED** as to the postage fees incurred for service. Parties are to file a new proposed bill of costs.

It is SO ORDERED.

Dated: October 26, 2026

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge